# In the United States District Court
# for the Southern District of Texas
# Houston Division

| | |
|---|---|
| **Commercial Beverage Concepts, LLC d/b/a Modern Chemical**, § § § § *Plaintiff,* § § v. § § **Alexander de Grood**, § § *Defendant*. § § § | Civil Action No. _____ |

## Plaintiff's Original Complaint

On the last day of his employment with Plaintiff Commercial Beverage Concepts, LLC d/b/a Modern Chemical ("Modern Chemical"), Defendant Alexander de Grood ("Defendant") wrongfully and purposefully deleted key information concerning Modern Chemical's customers and contracts, breaching his agreement with Modern Chemical and violating federal and state laws concerning the use of computer systems belonging to others. To recover for this intentional harm, Modern Chemical files this lawsuit.

## I.
## Parties

1. Plaintiff Commercial Beverage Concepts, LLC d/b/a Modern Chemical is a Texas company with its principal place of business in Houston, Texas.

2. Defendant Alexander de Grood is an individual who resides in Harris County, Texas. Pursuant to Fed. R. Civ. P. 4(e), Defendant may be served at 18327 Bluewater Cove Drive, Humble, Texas 77346, or wherever else he may be found.

{00284982.DOCX}

## II.
## Jurisdiction and Venue

3. The Court has original subject matter jurisdiction over the entire action pursuant to 28 U.S.C. § 1331 because one claim asserted herein, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, arises out of federal law. This Court has supplemental jurisdiction over the additional claims asserted herein, pursuant to 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over Defendant because he has maintained minimum contacts with the State of Texas sufficient to subject Defendant to personal jurisdiction consistent with due process under the Fourteenth Amendment to the United States Constitution. Defendant has purposefully availed himself of the benefits and protections of Texas by establishing minimum contacts with Texas, and the Court's exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this division and district under 28 U.S.C. § 1391(b) because all or a part of the events giving rise to the cause of action asserted herein took place in this division and district where Modern Chemical has its principal place of business and because Defendant, a natural person, resides in this division and district.

## III.
## Background

6. Modern Chemical is a company that manufactures and sells personal sanitizing products. To manage its sales, Modern Chemical utilizes Salesforce.com ("Salesforce"), a cloud-based automated database, to create and store customer relationship management records within a user's Salesforce account. In Salesforce,

Modern Chemical confidentially maintained all of its customer information, including confidential information on special pricing terms for customers, information disclosing contractual buying arrangements, the contact information of the relevant decision-makers at each customer, and other transaction history regarding Modern Chemical's relationships with its customers, among other things. In August 2019, Modern Chemical hired Defendant to serve as its sales manager, and gave him access to Modern Chemical's Salesforce.com data. In November 2020, Modern Chemical decided to terminate Defendant's employment with it. Defendant anticipated his impending termination, and in retaliation on his last day of employment, logged onto Modern Chemical's systems and deleted the entirety of Modern Chemical's Salesforce functionality. Modern Chemical lost key information concerning Salesforce dashboard data to monitor account executive performance and Salesforce workflow functionality for account executives to communicate with customers – making Salesforce unusable for all 10 Modern Chemical occupied seats on the software.

7. Defendant took these actions notwithstanding the fact that Defendant signed an agreement – the Employee Proprietary Information, Inventions Assignment, Non-Competition and Non-Solicitation Agreement (the "Agreement") – in which Defendant agreed, among other things, not to delete Modern Chemical's property. A true and correct copy of the Agreement is attached as **Exhibit 1**.

> 9. **RETURN OF COMPANY PROPERTY.** Upon termination of my employment or upon Company's request at any other time, I will deliver to Company all of Company's property, equipment, and documents, together with all copies thereof, and any other material containing or disclosing any Inventions, Third Party Information or Proprietary Information and certify in writing that I have fully complied with the foregoing obligation. **I understand that it is my obligation to return all property belonging to the Company.** I agree that I will not copy, delete, or alter any information contained upon my Company computer or Company equipment before I return it to Company. In addition, if I have used any personal computer, server, or email system to receive, store, review, prepare or transmit any Company information, including but not limited to, Proprietary Information, I agree to provide the Company with a computer-useable copy of all such Proprietary Information and then permanently delete and expunge such Proprietary Information from those systems at my own expense; and, at my own expense, I agree to provide the Company access to my system to verify that the necessary copying and/or deletion is completed. I further agree that any property situated on Company's premises and owned by Company is subject to inspection by Company's personnel at any time with or without notice. **I understand that I have no reasonable expectation of privacy on any device wherein Company information resides.**

[**Exhibit 1**, Agreement, at p. 8]. Further, Defendant agreed:

> b. **Recognition of Company's Rights; Nondisclosure.** I understand and acknowledge that my employment by the Company creates a relationship of confidence and trust with respect to the Company's Proprietary Information and that the Company has a protectable interest therein. At all times during my employment and thereafter, I will hold in strictest confidence and will not disclose, use, lecture upon or publish any of the Company's Proprietary Information, except as such disclosure, use or publication may be required in connection with my work for the Company, or unless an authorized officer of the Company expressly authorizes such in writing. I will obtain the Company's written approval before publishing or submitting for publication any material (written, verbal, or otherwise) that relates to my work at the Company and/or incorporates any Proprietary Information. I hereby assign to the Company any rights I may have or acquire in such Information and recognize that all Proprietary Information shall be the sole property of the Company and its assigns. I will take all reasonable precautions to prevent the inadvertent or accidental disclosure of Proprietary Information.

[*Id*. at p. 1]. The Agreement defines Proprietary Information to include, among other things, "information regarding customers and potential customers of the Company, including customer lists, names, representatives, their needs or desires with respect to the types of products or services offered by the Company, proposals, bids, contracts and their contents and parties, the type and quantity of products and services provided or sought to

be provided to customers and potential customers of the Company and other non-public information relating to customers and potential customers" and "information regarding any of the Company's business partners and their services, including names; representatives, proposals, bids, contracts and their contents and parties, the type and quantity of products and services received by the Company, and other non-public information relating to business partners." [Agreement, p. 2]. Proprietary Information as defined under the Agreement includes the types of information Modern Chemical maintained on Salesforce. In exchange for these agreements, Modern Chemical entrusted Defendant with Modern Chemical's confidential information:

> e. **Restricted Access Granted.** In exchange for my agreement not to disclose or use Proprietary Information except as authorized herein, and for the non-competition covenants, non-solicitation covenants, and the other promises made by me herein, the Company grants me immediate, current, and future access to Proprietary Information and Specialized Training required to fulfill the duties of my position. I agree that the Company has no preexisting obligation to reveal Proprietary Information or provide Specialized Training. I further agree to hold all Proprietary Information in the strictest confidence and not to disclose it to any person or entity or to use it, except as necessary in carrying out my work for the Company.

[*Id.* at p. 3]. Over and above his pledge to maintain Modern Chemical's confidential information, Defendant pledged not to improperly use confidential information "unless consented to in writing by that…person:"

> h. **No Improper Use of Information of Prior Employers and Others.** During my employment by the Company I will not improperly use or disclose any confidential information or trade secrets, if any, of any former employer or any other person to whom I have an obligation of confidentiality, and I will not bring onto the premises of the Company any unpublished documents or any property belonging to any former employer or any other person to whom I have an obligation of confidentiality unless consented to in writing by that former employer or person.

[*Id.*] Defendant did not obtain Modern Chemical's consent to delete Modern Chemical's confidential computer data.

8. Once Modern Chemical learned about Defendant's misconduct, Modern Chemical contacted Salesforce to recover its data. To date, those efforts have been fruitless. Moreover, Modern Chemical hired a forensic expert to recover its data at a cost of more than $5,000. The expert was also unable to recover the data.

## IV.
## Causes of Action

### Count 1 – Breach of Contract

9. Modern Chemical re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

10. On or around August 2, 2020 Defendant entered into the Agreement. The Agreement is a valid contract, supported by legally adequate consideration, and required Defendant to protect and not use Modern Chemical's information and after his employment ended, and to return it. Specifically, Defendant agreed not to delete any information belonging to Modern Chemical. The full scope of Defendant's obligations to Modern Chemical is outlined more fully above.

11. In violation of the Agreement, and with the express purpose of damaging Modern Chemical, Defendant breached his contractual obligations to Modern Chemical by, among other things failing to return Modern Chemical's property to Modern Chemical after the termination of his employment, and also deleting critical operations information belonging to Modern Chemical.

12. Defendant's material breach of contract has proximately and irreparably harmed Modern Chemical, and caused Modern Chemical to suffer monetary damages which are, at the present time, incalculable, for which Modern Chemical hereby sues to remedy.

## Count 2 – Breach of Fiduciary Duty

13. Modern Chemical re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

14. As Modern Chemical's employee entrusted with confidential and proprietary information, Defendant owed fiduciary duties to Modern Chemical. Defendant knew that he was in a position of trust and confidence that included access to handling and development of Modern Chemical's information. This fiduciary duty was not only created through his role as agent of Modern Chemical but also through contractual affirmation in his signed Agreement. This fiduciary duty included obligations to avoid knowingly engaging in activities that are harmful to Modern Chemical or that would otherwise undermine Modern Chemical's business interests.

15. Defendant breached these fiduciary duties by accessing Modern Chemical's valuable confidential and proprietary information and deleting it thereby engaging in activities that were disloyal to, and harmful to, the interests of Modern Chemical.

16. Defendant's breaches of fiduciary duty have proximately caused harm to Modern Chemical, including, among other things the deprivation and diminishment of value of Modern Chemical's information.

## Count 3 – Violation of the Computer Fraud and Abuse Act

17. Modern Chemical re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

18. Defendant accessed Modern Chemical's computer systems, which are used in interstate commerce and communication, without authorization and/or by exceeding his authorized access on the computer systems. Modern Chemical uses privacy and security safeguards to insure that the information on its computer system remains restricted to authorized individuals acting within the scope of their authority.

19. Defendant was only authorized to use Modern Chemical's computer system to advance the business interests of Modern Chemical. Defendant was prohibited from using the system or the data contained therein for his own purposes or for the purposes of any third party.

20. Through his unauthorized access on these protected computers, Defendant acted intentionally, knowingly, and with the intent to deprive Modern Chemical of its ownership of valuable information belonging to Modern Chemical, and by means of such conduct, furthered the intended defraud and obtained valuable property from Modern Chemical and caused "loss" to Modern Chemical (as that term is defined by 18 U.S.C. § 1030(e)(11)), in excess of $5,000 during a one year period. 18 U.S.C. § 1030(c)(4)(A)(i)(I). Defendant's conduct accordingly constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. ("CFAA"), and 18 U.S.C. § 1030(g) authorizes this civil action.

21. Accordingly, Modern Chemical recovery of all damages related to Defendant's violations of the CFAA.

### Count 4 – Texas Harmful Access by Computers Act

22. Modern Chemical re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

23. Defendant has knowingly and intentionally, without Modern Chemical's effective consent, accessed electronically-stored files owned by Modern Chemical, including Modern Chemical's computerized customer "data" and used Modern Chemical's office computer(s) to harm Modern Chemical and to delete property owned by Modern Chemical. Such conduct violated Texas Penal Code § 33.002.

24. Modern Chemical and its property have been injured as a direct and proximate result of Defendant's violation.

25. Defendant's actions constitute a violation of TEX. CIV. PRAC. & REM. CODE § 143.001, *et seq.*, for which Modern Chemical hereby sues to recover actual damages, as well as court costs and attorneys' fees.

## V.
## Remedies Sought

### Count 1 – Damages and Statutory Penalties

26. Modern Chemical re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

27. Modern Chemical requests that the Court award Modern Chemical its actual and consequential damages as proven at the time of trial, as well as all penalties provided by the statutes listed above.

## Count 2 – Punitive Damages

28. Modern Chemical re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

29. Because Defendant has, by clear and convincing evidence, acted with actual malice or fraud with respect to the harms discussed, Modern Chemical is entitled to and requests an award of punitive damages against Defendant under Texas law.

## Count 3 – Attorneys' Fees & Costs

30. Modern Chemical re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

31. Because of Defendant's wrongful acts, Modern Chemical had to engage the undersigned law firm to enforce its rights. Modern Chemical is entitled to and requests from the Court an award of its necessary and reasonable attorneys' fees, expert witness fees and costs against Defendant under applicable federal and/or state law, including the Computer Fraud & Abuse Act and Chapter 143.001 of the Texas Civil Practice & Remedies Code.

## VI.
## Jury Demand

32. Modern Chemical requests that its claims be tried before a jury and will pay the requisite jury fee at that time.

# VII.
# Prayer

Modern Chemical prays that Defendant be served and cited to appear and answer herein, that Modern Chemical have and recover judgment against Defendant as follows:

a. actual damages;

b. punitive damages;

c. reasonable and necessary attorneys' fees;

d. pre-judgment interest at the maximum non-usurious rate;

e. all taxable court costs; and

f. all other relief to which Modern Chemical may show itself to be entitled.

DATE: November 24, 2020                Respectfully submitted,

**HICKS THOMAS LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

By: */s/ Stewart Hoffer*
**Stewart Hoffer**
SDTX No. 20123
Texas Bar No. 00790891
shoffer@hicks-thomas.com
**Kasi Chadwick**
SDTX No. 2421911
Texas Bar No. 24087278
kchadwick@hicks-thomas.com
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

**Attorneys for Commercial Beverage Concepts, LLC d/b/a Modern Chemical**